UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DAMOND BAILEY,

                Plaintiff,

                                                          **COMPLAINT**

       -against-

CITY OF NEW YORK, NEW YORK CITY POLICE       JURY TRIAL DEMANDED
DEPARTMENT, NEW YORK CITY POLICE OFFICERS
JOHN DOES NUMBERS 1-6, and NEW YORK CITY POLICE
OFFICERS JANE DOES 1-6, individually and in their
official capacities,

                Defendants.
------------------------------------------------------------------X

        Plaintiff, DAVID BAILEY, by his attorney, George T. Peters, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

        1.     Plaintiff, DAMOND BAILEY, brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to defendants' violations of his civil rights secured by 42 U.S.C. § 1983, 1985, 1986, and 1988, by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and under the laws of the State of New York. DAMOND BAILEY is a twenty-four (24) year old male, resident of the City of Bronx, State of New York. Plaintiff while doing nothing illegal or improper, was deprived of his constitutional and common law rights when defendants NEW YORK CITY POLICE OFFICERS JOHN DOES NUMBERS 1-6 and NEW YORK CITY POLICE OFFICERS JANE DOES NUMBERS 1-6, UNKNOWN AND INTENDED TO BE NEW YORK CITY POLICE OFFICERS INVOLVED IN THE OCCURRENCE HEREIN, falsely arrested, falsely imprisoned, and deprived Plaintiff of his liberty without due cause.

1

## JURISDICTION

2.      This action is brought pursuant to Civil Rights Act, 42 U.S.C. §§ 1983, 1988, and of rights secured by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1343 and the aforementioned statutory and constitutional provisions.

3.      Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4.      Venue is proper for the United States Supreme Court for the Southern District of New York pursuant to 28 U.S.C. §1391(b) because the claims arose in this district.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff is an African-American male and was at all relevant times a resident of the State of New York, County of Bronx.

7.      Defendant CITY OF NEW YORK (hereinafter referred to as "CITY") is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such is responsible for the practices, policies and customs of its agencies, New York City Police Department, Police Officers, as well as the hiring, screening, training, supervising, controlling and disciplining of those persons employed by its agencies.

2

8. Defendant, CITY, maintains a police force duly authorized under the New York State Public Authorities Law to perform all functions of a police agency and as such is responsible for the practices, policies, and customs of the NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as "NYPD").

9. At all times relevant herein, defendants NEW YORK CITY POLICE OFFICERS JOHN DOE NUMBERS 1-6 (hereafter referred to as "JOHN DOES") and NEW YORK CITY POLICE OFFICERS JANE DOE NUMBERS 1-6 (hereafter referred to as "JANE DOES"), unknown and intended to be NEW YORK CITY POLICE DEPARTMENT OFFICERS involved in the occurrences herein were employees of the NYPD. At all times herein, JOHN DOES and JANE DOES were acting in their capacities of agents, servants and employees of defendants CITY and NYPD.

10. At all times relevant herein, the individual police officer defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and offices of the CITY and NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful function in the course of their duties. They were acting for and on behalf of defendants CITY and NYPD at all times relevant, with the power and authority vested in them as officers, agents and employees of defendant NYPD.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment with defendant NYPD.

## FACTS

12. On July 27, 2016, plaintiff DAMOND BAILEY was arrested and charged with Robbery and Assault.

13. Eventually, DAMOND BAILEY was also indicted for alleged gang ties in

3

relation to crimes as alleged in the July 27, 2016, arrest.

14. JOHN DOES NUMBERS 1-6 and JANE DOES NUMBERS 1-6 arrested DAMOND BAILEY in violation of his civil rights guaranteed under the United States Constitution.

15. At the time of the DAMOND BAILEY arrest, there was no forensic evidence connecting him to the alleged crimes.

16. The lower criminal court index number for DAMOND BAILEY is 2016BX032450.

17. At the time of his arrest, DAMOND BAILEY immediately offered alibi witnesses who were present at the scene.

18. In addition, DAMOND BAILEY immediately offered to take a polygraph test to establish his innocence.

19. Defendants subsequently facilitated, caused and affected DAMOND BAILEY to be charged with the aforementioned serious criminal offenses.

20. Defendants caused DAMOND BAILEY to be transported to the criminal detention facility at Riker's Island in the State of New York, County of Bronx, operated by the New York City Department of Corrections.

21. Pursuant to the criminal charges brought by defendants, plaintiff DAMOND BAILEY was forcibly confined in correctional facilities for approximately fifteen (15) months for crimes he did not commit.

22. In the days and weeks following the arrest of DAMOND BAILEY, defendants conducted an investigation of the alleged criminal incident.

23. During this time, plaintiff DAMOND BAILEY repeatedly informed defendants

that he had alibi witnesses who could prove that he did not commit the alleged crime.

24. During this time, plaintiff DAMOND BAILEY repeatedly informed defendants that he would submit to a polygraph test that would prove that he did not commit the alleged crime.

25. DAMOND BAILEY was indicted by a Grand Jury.

26. DAMOND BAILEY was deprived of his civil rights for fifteen (15) months while incarcerated in New York State correctional facilities due to defendants' violations of his civil rights.

27. On January 8, 2019, certain criminal charges were dismissed against DAMOND BAILEY, upon motion of the District Attorney of Bronx County, New York.

28. On February 5, 2019, all remaining criminal charges were dismissed against DAMOND BAILEY, upon motion of the District Attorney of Bronx County, New York.

29. As a result of the foregoing, DAMON BAILEY sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation, lost earnings and deprivation of his constitutional rights, deprivation of his constitutional rights of due process, deprivation of his constitutional privileges, immunities and equal protection under the laws of the United States and the Constitutions of the United States and the State of New York.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of the laws of the State of New York and/or the City of New

York.

32. All of the aforementioned acts deprived plaintiff DAMOND BAILEY of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned defendants, collectively and individually, in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the CITY, its police department, all under the supervision of ranking officers of said department and in violation of the rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

35. The acts complained of were carried out by the aforementioned individual defendants, collectively and individually, in their capacities as police officers, negligently, recklessly, maliciously and with deliberate indifference to plaintiff's rights to due process and equal protection under the Fourth and Fourteenth Amendments to the United States Constitution.

36. The acts complained of are a direct result of defendant CITY's negligent, reckless and deliberate failure to train and supervise its police personnel.

37. The acts complained of were carried out by the aforementioned defendants, collectively and individually, in their capacities as police officers, pursuant to customs, usages, practices, procedures, and rules of the CITY and its police department that are designed to and in practice do deny African-Americans equal protection and treatment under the law, thereby

violating defendant's rights, privileges and immunities secured by the Fourteenth Amendment to the United States Constitution.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. As a result of defendants' aforementioned conduct, plaintiff DAMOND BAILEY was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

40. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants were directly and actively involved in the initiation of criminal proceedings against DAMOND BAILEY.

43. Defendants lacked probable cause to initiate criminal proceedings against DAMOND BAILEY.

44. Defendants acted with malice in initiating criminal proceedings against DAMOND BAILEY.

45. Defendants were directly and actively involved in the continuation of criminal

7

proceedings against DAMOND BAILEY.

46. Defendants lacked probable cause to continue criminal proceedings against DAMOND BAILEY.

47. Defendants acted with malice in continuing criminal proceedings against DAMOND BAILEY.

48. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation, lost earnings and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "48" with the same force and effect as if fully set forth herein.

49. Defendants issued legal process to place plaintiff DAMOND BAILEY under arrest.

50. Defendants arrested plaintiff DAMOND BAILEY in order to obtain a collateral objective outside the legitimate ends of the legal process.

51. Defendants acted with intent to do harm to plaintiff DAMOND BAILEY, without excuse or justification.

52. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation, lost earnings and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants intentionally confined, detained and restrained plaintiff DAMOND BAILEY for a period of at least fifteen (15) months.

55. Plaintiff DAMOND BAILEY was conscious of his confinement, detention and restraint throughout the fifteen (15) months.

56. Defendants confined, detained and restrained plaintiff DAMOND BAILEY against his will for fifteen (15) months.

57. Defendants, arrested, confined, detained and restrained plaintiff DAMOND BAILEY without probable cause, thus defendants' actions in doing so were not privileged in any manner.

58. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation, lost earnings and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "58" as if the same were more fully set forth at length herein.

60. Defendants arrested and incarcerated DAMOND BAILEY in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

61. Defendants ignored, refused and failed to seek exculpatory evidence that conclusively demonstrated plaintiff DAMOND BAILEY's innocence of the crimes for which defendants arrested and incarcerated him.

9

62. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

63. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York a and its Police Department, all under the supervision of ranking officers of said department.

64. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its Police Department include, but are not limited to, the following unconstitutional practices:

    a) arresting innocent persons notwithstanding marked differences between the description of the alleged perpetrator and the physical characteristics of the person arrested;

    b) arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

    c) arresting innocent persons notwithstanding the existence of evidence which raises significant doubts as to the reliability and/or veracity of the complaining witness;

    d) subjecting innocent persons to police line-ups which fail to conform to fundamental standards of due process as recognized by other jurisdictions throughout the United States;

    e) subjecting innocent persons to police line-ups which fail to utilize a random double-blind identification procedure to ensure fundamental due process;

    f) subjecting innocent persons to police line-ups which fail to utilize a sequential and individual identification procedure to ensure fundamental due process;

    g) subjecting innocent persons to arrest and prosecution based solely on identifications made during police line-ups without any independent

        evidence of criminal wrongdoing;

h)    subjecting innocent persons to continued incarceration notwithstanding the existence of credible evidence that exonerates the accused of any criminal wrongdoing;

i)    refusing and failing to take steps during the investigation phase to discover evidence that exonerates the accused of any criminal wrongdoing;

j)    arresting innocent African-Americans without probable cause based on their race and confining and detaining innocent African-Americans based on their race despite the presence of evidence of which defendants are aware or should be aware; and

k)    failing to use reasonable care in hiring, training and/or supervising police officers and detectives.

65.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff DAMOND BAILEY.

66.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff DAMOND BAILEY's constitutional rights.

67.    All of the foregoing acts by defendants deprived plaintiff DAMOND BAILEY of federally protected rights, including, but not limited to, the right:

        a)    Not to be deprived of liberty without due process of law;

        b)    To be free from seizure and arrest not based upon probable cause;

        c)    To be free from unwarranted and malicious criminal prosecution;

        d)    Not to have cruel and unusual punishment imposed upon him; and

        e)    To receive equal protection under the law.

68.    As a result of the foregoing, plaintiff is entitled to compensatory damages in the

sum of five million dollars ($5,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of three million dollars ($3,000,000.00).

**WHEREFORE**, plaintiff DAMOND BAILEY demands judgment in the sum of five million dollars ($5,000,000.00) in compensatory damages, three million dollars ($3,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated:  Bronx, New York
February 15, 2019

GEORGE T. PETERS, ESQ
Law Office of George T. Peters, PLLC
Plaintiff's Attorney
2510 Valentine Avenue, 3rd Floor
Bronx, New York 10458
(347) 751-0157
G.Peters@myattys1.com