UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/28/2021
```

DAMOND BAILEY,

                Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICERS JOHN DOES NUMBERS 1-6, and NEW YORK CITY POLICE OFFICERS JANE DOES 1-6, individually and in their official capacities,

                Defendants.

1:19-cv-01488-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

      After the withdrawal of his attorney in August 2020, *pro se* Plaintiff Damond Bailey has been completely unresponsive and has failed to comply with multiple Court Orders warning that the case may be dismissed. [ECF Nos. 36, 40.] In December 2020, Defendants City of New York, New York City Police Department, John Does 1–6, and Jane Does 1–6 moved to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). [ECF Nos. 42–45.]

      On January 5, 2021, the Court received a letter from Tiasha Jenkins, who is not a party to this action but purports to be Plaintiff's mother, requesting that she be permitted to represent Plaintiff or that Plaintiff be appointed counsel. [ECF No. 46.] Attached to Ms. Jenkins's letter is Plaintiff's diagnosis of a mental illness. The Court *sua sponte* sealed this document because it contains sensitive medical information. *See Hickson v. V.I.M. Store*, 20-CV-2974 (EK)(RER), 2020 WL 7042762, at *2 (E.D.N.Y. Dec. 1, 2020); *Lopa v. Fireman's Fund Ins. Co.*, No. 11-cv-2973, 2014 WL 1311451, at *3 (E.D.N.Y. Feb. 18, 2014).

      Ms. Jenkins legally may not represent Plaintiff in this action or move for appointment of counsel on Plaintiff's behalf. Under 28 U.S.C. § 1654, parties in federal court "may plead and

1

conduct their own cases personally or by counsel." The statute "recognizes that an individual generally has the right to proceed *pro se* with respect to his own claims or claims against him personally" or to be represented by a licensed attorney. *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009). But the right to proceed *pro se* does not extend to "an individual who is not licensed as an attorney" appearing on another person's behalf. *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) (citation omitted); *see Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause." (citation omitted)); *see also* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented.").

Ms. Jenkins does not allege that she is a licensed attorney, and the Court may reasonably infer from her letter that she is not. [*See* ECF No. 46.] Moreover, Ms. Jenkins has no personal interest in this case and explicitly seeks to represent Plaintiff's interests. Accordingly, she may not represent Plaintiff in this action. *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (noting the "well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child" (citations omitted)); *McGee v. City of Rochester*, No. 04-CV-6310L, 2004 WL 2491647, at *2 (W.D.N.Y. Nov. 2, 2004) (denying motion seeking to appoint family member as representative because the action was "personal to plaintiffs" and the family member did "not have a personal interest in th[e] matter"); *Hammer v. U.S. Dep't of Educ.*, 85 F. Supp. 2d 191, 193 (E.D.N.Y. 2000) (holding that plaintiff's father, who was not an admitted attorney, could not represent his son). And because Ms. Jenkins cannot represent Plaintiff, she may not move for appointment of counsel on his behalf.

Given Plaintiff's medical diagnosis, the Court exercises its discretion to conduct a *sua sponte* inquiry into Plaintiff's competency and whether appointment of a guardian ad litem is appropriate. Pursuant to Federal Rule of Civil Procedure 17(c)(2), "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a[n] . . . incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). As the Second Circuit has explained:

> If a court were presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent, it likely would be an abuse of the court's discretion not to consider whether Rule 17(c) applied.

*Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003) (citation omitted); *see id.* at 201 n.4 (noting further that "absent actual documentation or testimony by a mental health professional, a court of record, or a relevant public agency, the district court is not required to undertake an inquiry into a *pro se* litigant's mental capacity").

Here, because Plaintiff's medical diagnosis "raises a significant question regarding his . . . mental competency," it is appropriate to consider whether the appointment of a guardian ad litem is warranted. *Id.* at 203; *cf. Lewis v. Newburgh Hous. Auth.*, 692 F. App'x 673, 674–75 (2d Cir. 2017) (summary order) (finding abuse of discretion where district court dismissed case for failure to prosecute despite knowing that plaintiff was previously found incompetent in a recent federal criminal case); *Perri v. City of New York*, 350 F. App'x 489, 491 (2d Cir. 2009) (summary order) (finding abuse of discretion where district court dismissed case despite being presented with "an evaluation by a mental health professional employed by a public agency that details plaintiff's long history of mental illness, indicates that such illness causes him to have difficult functioning,

3

and recommends that he be represented by a guardian ad litem in an unrelated state court proceeding").

Accordingly, IT IS HEREBY ORDERED that Ms. Jenkins's request to represent Plaintiff or to have counsel appointed for Plaintiff is DENIED.

IT IS FURTHER ORDERED that *pro se* Plaintiff Damond Bailey, Tiasha Jenkins, and Defendants shall appear for a hearing on March 5, 2021, at 11:00 AM. The hearing will be conducted by videoconference via Skype. All participants shall appear and participate by video. Defendants will receive a link by e-mail. Plaintiff and Ms. Jenkins are instructed to e-mail Chambers at VyskocilNYSDChambers@nysd.uscourts.gov to receive a link. The public may join the hearing by telephone by dialing +19179332166 and entering code 614666911.

The Court reserves decision on Defendants' motion to dismiss for failure to prosecute pending a determination regarding Plaintiff's competence to prosecute this action *pro se*.

**PLAINTIFF'S FAILURE TO APPEAR AT THIS HEARING MAY RESULT IN DISMISSAL OF THE CASE FOR FAILURE TO PROSECUTE.**

The Clerk of Court is respectfully requested to mail copies of this Order to (1) the *pro se* Plaintiff at the address of record and (2) Tiasha Jenkins at the same address.

**SO ORDERED.**

**Date: January 28, 2021**       _____
**New York, NY**      **MARY KAY VYSKOCIL**
     **United States District Judge**

4