USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/30/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMOND BAILEY,

    Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICERS JOHN DOES NUMBERS 1-6, and NEW YORK CITY POLICE OFFICERS JANE DOES 1-6, individually and in their official capacities,

    Defendants.

1:19-cv-01488-MKV

ORDER OF DISMISSAL
WITHOUT PREJUDICE

MARY KAY VYSKOCIL, United States District Judge:

    The Court *sua sponte* DISMISSES this action WITHOUT PREJUDICE for failure to prosecute.

    This action, filed on February 16, 2019, was brought to a standstill nearly fifteen months ago when Plaintiff began searching for new counsel. After his counsel formally withdrew in August 2020, Plaintiff failed to respond to Court Orders that warned that his failure to comply with deadlines or to respond could result in dismissal. [ECF Nos. 36, 38, 40.] Ultimately, Defendants filed a letter request for dismissal [ECF No. 37] and moved to dismiss for failure to prosecute [ECF Nos. 42–45]. Plaintiff continued to maintain his silence.

    In January 2021, five months after Plaintiff's counsel withdrew, the Court received correspondence and medical records from Plaintiff's mother. In response, the Court filed the material on the docket and exercised its discretion to conduct a *sua sponte* inquiry into Plaintiff's competency and whether appointment of a guardian ad litem is appropriate. [ECF No. 47.] *See* Fed. R. Civ. P. 17(c)(2); *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 & n.4 (2d Cir. 2003). The Court held a hearing by videoconference in March 2021 at which Plaintiff

1

appeared alongside his mother. The Court advised Plaintiff of his options and adjourned the hearing to give Plaintiff a final opportunity to attempt to retain counsel or advise the Court whether he wished to proceed with a competency hearing. [ECF No. 50 at 1–2.]

The Court held a further hearing by videoconference in April 2021 at which Plaintiff once again appeared with his mother. The Court declined to proceed with a hearing on Plaintiff's competency and the appointment of a guardian ad litem after finding it would be futile to do so given the inability of Plaintiff or his mother as a potential guardian ad litem to retain counsel. The Court explained that Plaintiff may continue to proceed *pro se* if he desired to do so. Plaintiff initially expressed a desire to discontinue the action, but later he and his mother expressed a desire to discuss the matter further. The Court denied without prejudice Defendants' motion to dismiss for failure to prosecute, granted Plaintiff further time to consider whether he wished to proceed, and directed Plaintiff to file a letter on or before May 12, 2021, advising the Court whether he will continue to proceed *pro se* or whether he is voluntarily dismissing the case. [ECF No. 56 at 2.] Plaintiff did not submit a letter as ordered by the Court.

On May 20, 2021, the Court entered an Order directing Plaintiff to file a letter on or before June 10, 2021. [ECF No. 58 at 2.] The Order warned, "**THIS IS THE FINAL WARNING. THERE WILL BE NO FURTHER EXTENSIONS. IF PLAINTIFF FAILS TO FILE A LETTER IN COMPLIANCE WITH THE COURT'S DIRECTION BY JUNE 10, 2021, THE COURT WILL BE CONSTRAINED TO DISMISS THE CASE FOR FAILURE TO PROSECUTE.**" [*Id.*] To date, Plaintiff has not filed a letter.

Federal Rule of Civil Procedure 41(b) provides in part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although not explicitly authorized by Rule 41(b), a court

may dismiss a claim for failure to prosecute *sua sponte*." *Harding v. Goord*, 135 F. App'x 488, 488 (2d Cir. 2005) (summary order) (citing *Spencer v. Doe*, 139, F.3d 107, 112 (2d Cir. 1998)).

In deciding whether to dismiss a case for failure to prosecute, district courts must consider whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); and *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193–94 (2d Cir. 1999)). None of the five factors is dispositive. *Id.* (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993)).

Considering the five factors, the Court concludes that *sua sponte* dismissal without prejudice is appropriate in this case. The Court has made every effort to give Plaintiff, at times working with his mother, an opportunity to prosecute his case. The Court denied Defendants' motion to dismiss on the expectation that Plaintiff would prosecute this case. [ECF No. 56 at 2.] Yet Plaintiff has reverted to inaction and disregard for Court Orders. Plaintiff's behavior has resulted in a nearly fifteen-month delay. *See Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4–5 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where plaintiffs ignored court orders, failed to respond to correspondence from defendant, and failed to contact the court for nearly two months); *Lopez v. Catholic Charities of Archdiocese of N.Y.*, No. 00 Civ. 1247(AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (noting that "courts have granted [motions to dismiss for failure to prosecute] on delays of four months or less where

circumstances warranted dismissal" (citing *Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99 Civ. 9311(SAS), 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000))).

The Court is mindful of Plaintiff's *pro se* status, but "a *pro se* plaintiff is not exempt from complying with court orders and must diligently prosecute his case." *Menu v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (citing *Yadav v. Brookhaven Nat'l Lab.*, 487 F. App'x 671, 672 (2d Cir. 2012) (summary order)). The Second Circuit has made clear that the sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (per curiam) (collecting cases). Despite the Court holding several hearings in an attempt to move the case forward and providing numerous direct warnings to Plaintiff that the case could be dismissed [ECF Nos. 36, 40, 47, 49, 58], Plaintiff repeatedly has failed to comply with or respond to Court Orders or take any other action on his own initiative to prosecute the case. *See, e.g.*, *Smith v. Dinoia*, No. 19-CV-4471 (KMK), 2020 WL 4041449, at *1–2 (S.D.N.Y. July 17, 2020) (dismissing for failure to prosecute where *pro se* plaintiff was unresponsive for months despite warnings that case could be dismissed); *Smith v. Westchester County*, No. 19-CV-1283 (KMK), 2020 WL 883332, at *1 –2 (S.D.N.Y. Feb. 24, 2020) (same).

The Court's interest in managing its docket efficiently outweighs any interest of Plaintiff in keeping this case open. *Nava v. Opai Thai, Inc.*, 1:20-cv-03848-MKV, 2021 WL 1873153, at *2 (S.D.N.Y. May 10, 2021) (citing *Miller v. Lavergne*, No. 19-CV-6371(OTW), 2021 WL 1372651, at *2 (S.D.N.Y. Apr. 11, 2021)). Plaintiff has made no attempt to prosecute his case on the merits. Plaintiff's conduct has required the Court to issue numerous orders and hold multiple hearings. "It is not an efficient use of the Court's . . . resources to permit this case to languish on

the docket in the hope that plaintiff will reappear in the future." *Davison v. Grillo*, No. 05 CV 4960(NG)LB, 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006).

Finally, the Court has considered lesser sanctions but "there is nothing in the record to suggest that a sanction less serious than dismissal will resolve the plaintiff's failure to cooperate." *Singleton v. City of New York*, No. 14-cv-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015); *see also Southridge Partners II, LP v. SND Auto Grp., Inc.*, No. 3:17-cv-1925(KAD), 2020 WL 5074296, at *3 (D. Conn. Aug. 27, 2020) (concluding that "no lesser sanction will suffice given [plaintiff's] apparent abandonment of any effort to prosecute its claims and failure to communicate the Court a contrary intention"). Under the circumstances, the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to manage the Court's docket and avoid prejudice to Defendants by keeping this lawsuit open with no activity. *Amoroso v. County of Suffolk*, No. 08–CV–826 (JFB)(ETB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010); *see also Barker v. City of New York*, No. 19-cv-2582 (JGK), 2020 WL 589048, at *2 (S.D.N.Y. Feb. 5, 2020).

Accordingly, IT IS HEREBY ORDERED that this action is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Plaintiff at the address of record and close the case.

**SO ORDERED.**

**Date: June 30, 2021**     **MARY KAY VYSKOCIL**
       **New York, NY**     **United States District Judge**